IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16CR243-1 |
| | ) | |
| MIKE HERNANDEZ | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Mike Hernandez ("Defendant") is a federal inmate serving a 240-month sentence. Defendant has filed a Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 90.) Defendant has also filed two motions asking the court to supplement the record with additional evidence in support of his motion for compassionate release. (Docs. 100 and 103). The court will grant those motions and has considered the supplementary information in ruling on his request for compassionate release. For the reasons stated below, Defendant's Motion to Reduce Sentence re Compassionate Release will be denied.

## I. BACKGROUND

On September 16, 2016, Defendant pled guilty pursuant to a plea agreement to one count of conspiracy to distribute heroin in violation 21 U.S.C. § 846. (Doc. 64 at 1; Minute Entry 9/16/2016). Defendant had a sentencing guideline range of 292 to 365 months of imprisonment. (Doc. 65 at 1.) The Government moved

for a fifteen percent departure pursuant to U.S.S.G. § 5K1.1 which was granted. (Doc. 60 at 3; Doc. 65 at 2.) The court also granted an additional downward variance, and Defendant was sentenced to 240 months of imprisonment and five years of supervised release. (Doc. 65 at 3; Doc. 64 at 2-3.) Defendant did not appeal. More than four years later, Defendant filed a Motion to Compel, in which he asked the court to compel the Government to file a motion for a reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b) based on substantial assistance he provided after sentencing. (Doc. 79.) The court denied the motion. (Doc. 81.) Defendant appealed and the Fourth Circuit Court of Appeals affirmed the judgment of this court. See United States v. Hernandez, No. 21-7542, 2022 WL 5240612 (4th Cir. Oct. 6, 2022).

Defendant is presently before the court on his motion for compassionate release. (Doc. 90.) Defendant argues he should be granted a reduction of his sentence based on the combination of the following circumstances: 1) his gang renunciation; 2) unrewarded cooperation for his substantial assistance; 3) his rehabilitation; and 4) his increased risk of serious illness from COVID-19 due to various health conditions. (Id. at 7-9.) The Government filed a Response opposing the motion, (Doc. 96), and Defendant replied. (Doc. 99.) Defendant subsequently filed a Motion to Update the Record and File Certain Documents, (Doc.

100), and a Motion for Leave to Amend the Record with New Evidence, (Doc. 103). These motions include additional evidence in support of his motion for compassionate release, specifically certificates verifying his completion of his GED and a Restorative Justice Circles course, as well as letter from the program director of the Restorative Justice course. The court has considered these materials in ruling on the motion for compassionate release. Defendant is 41 years old, presently incarcerated at Butner Medium I FCI, and has a projected release date of September 2, 2031.[1]

## II. ANALYSIS

A sentence imposed under the law is intended to be final, United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010), and "generally cannot be modified." United States v. Holley, 179 F.4th 985, 989 (4th Cir. July 1, 2026). However, section 18 U.S.C. § 3582(c)(1)(A), often known as the compassionate release provision, allows a court to reduce a sentence when "extraordinary and compelling" reasons warrant such a reduction, the reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and a consideration of the relevant § 3553(a) sentencing factors

[1] BOP Inmate Locator, https://www.bop.gov/inmateloc/(last visited Oct. 25, 2026).

support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); see also Rutherford v. United States, 608 U.S. 454, 460(2026).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. See 18 U.S.C. § 3582(c)(1)(A). Exhaustion is not jurisdictional and waived unless invoked by the Government. See United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021). The Government acknowledges that Defendant has satisfied the exhaustion requirement. (Doc. 96 at 3 n.3.) Thus, the court will proceed to the merits of Defendant's motion.

A. Extraordinary and Compelling Reasons

Defendant argues that "the following combinations of 'extraordinary and compelling reasons' exist to support a reduction of sentence: gang renunciation, unrewarded substantial assistance, rehabilitation, and medical conditions rending him vulnerable to COVID." (Doc. 90 at 6.) First, with respect to his gang renunciation, Defendant states that he "renounced his affiliation with the California Sureno's gang and debriefed with the FBI and BOB SIS." (Doc. 90 at 7.) This is the entirety of the information or explanation Defendant provides about his gang renunciation. The mere fact of gang renunciation without more does not amount to an extraordinary and compelling reason for compassionate release. See e.g., United States v. Alston-Currie, No. 1:13CR214, 2025 WL 2390537, at *7 (M.D.N.C. Aug. 18,

2025)(declining to hold defendant's gang dropout status was extraordinary and compelling reason in the absence of "meaningful information" about his participation in the program or evidence of any resulting risk); United States v. Lowery, No. 1:21CR45, 2026 WL 593933, at *2 (M.D.N.C. Mar. 3, 2026) (evidence of gang drop-out status without more fails to establish extraordinary and compelling reason); see also United States v. Campos-Lemus, Crim. No. JKB-18-70, 2026 WL 1295717, at *1-2 (May 12, 2026) (collecting cases holding that completion of gang drop-out program without more is not an extraordinary and compelling reason for a reduction of sentence). While the court commends Defendant for leaving his gang, Defendant fails to establish an extraordinary and compelling reason for a reduction of sentence on this basis.[2]

---

[2] In making his claim Defendant cites to district court cases from other circuits and asserts that "[e]ach of these courts concluded gang renunciation in combination with other facts constituted extraordinary and compelling reasons to reduce the sentence." (Doc. 90 at 7.) These cases are all easily distinguishable from Defendant's case. While the cases acknowledge gang renunciation by the defendants involved, none of the courts granted relief on that basis and relied on other extraordinary and compelling reasons to support a reduction. See, e.g., United States v. Glynn, No. 06CR580, 2022 WL 562652 (S.D.N.Y. Feb. 24, 2022)(granting relief based on defendant's chronic kidney disease, young age at the time of the offense, a sentence disparity, and evidence of rehabilitation); United States v. Evans, Case No. 2:01CR603, 2021 WL 1929798 (D. Utah May 12, 2021) (granting relief relying on a gross sentencing disparity due to stacked § 924(c) sentences, his childhood abuse and young age at the time of the offense, and rehabilitation).

The Court next considers Defendant's argument that his "unrewarded cooperation" is an extraordinary and compelling reason for a reduction of sentence. (Doc. 90 at 8.) Defendant asserts that after he was sentenced, he provided substantial assistance to the Government related to a case in the Eastern District of North Carolina. Defendant claims he did not receive any sentencing benefit because his attorney at the time unexpectedly passed away and therefore, was not available to assist him in receiving a reduction. (Id.)

Defendant previously filed a Motion to Compel in which he asked the court to compel the Government to file a motion to reduce his sentence pursuant to Fed. R. Crim. P. 35(b) based on these same facts. (Doc. 79, Sealed.) The court denied the motion finding it did "not have the express or inherent authority to reduce Defendant's sentence for substantial assistance without a motion from the United States." (Doc. 81, Sealed.) The Fourth Circuit Court of Appeals affirmed the ruling. United States v. Hernandez, No. 21-7542, 2022 WL 5240612 (4th Cir. Oct. 6, 2022). Defendant cannot circumvent this ruling with a motion for compassionate release. A reduction based on "substantial assistance" must come via a Rule 35 motion filed by the Government and Defendant cannot bypass the process established by Congress by moving for such relief under 18 U.S.C. §

3582(c)(1)(A). See United States v. Claude, 16 F.4th 422, 427 (3d Cir. 2021). A defendant fails to establish an extraordinary and compelling reason based "solely on his purported substantial assistance to the Government." Id. Accordingly, Defendant has failed to show an extraordinary and compelling reason for compassionate release based on his claim of "unrewarded cooperation." (Doc. 90 at 7.) The court will consider Defendant's information about his post-sentencing cooperation insofar as it is evidence of rehabilitation.

Defendant also claims that he should be granted compassionate release because his chronic health conditions, including hypertension, obesity, and his many years of smoking prior to his incarceration, increase his risk of serious illness from COVID-19. (Doc. 90 at 10-12.) The Sentencing Commission policy statements provide that a risk from COVID-19 may be considered an extraordinary and compelling reason for a reduction of sentence in the case of an ongoing health emergency or outbreak if the defendant is at increased risk of severe complications or death "due to personal health factors and custodial status." U.S.S.G. § 1B1.13(b)(1)(D). A defendant must show "the risk of contracting COVID-19 is higher in prison than outside of it. See United States v. Davis, 99 F.4th 647, 655 (4th Cir. 2024).

Evidence in the record confirms Defendant is a former smoker who qualifies as obese and suffers from chronic medical conditions including hypertension and gastro-esophageal reflux disease. (Docs. 91 at 3-9; 96-4 at 16.) There is no suggestion from Defendant that he is not receiving adequate treatment in BOP custody, and the medical records indicate that Defendant is receiving regular care and medication for his conditions. (See generally Docs. 91, 96-4, 96-5.) Defendant is correct that conditions such as obesity and hypertension, as well as a history of smoking, increase the risk of more serious illness from a COVID-19 infection.[3] However, Defendant has been vaccinated against COVID-19 and received a booster shot, (Doc. 96-6 at 1; 96-7 at 1), mitigating his risk from the COVID virus. See, e.g., Davis, 99 F.4th at 655-56. And the medical records show that although Defendant was previously infected with COVID he recovered from the infection. (Doc. 96-4 at 66.) Moreover, Defendant does not show he is at greater risk inside the facility than he would be if released. See Davis, 99 F.4th at 655. Accordingly, Defendant has failed to establish an extraordinary and compelling reason for a reduction of sentence

[3] CDC, https://www.cdc.gov/covid/risk-factors/index.html (last visited Nov. 3, 2026).

based on his medical conditions and any resulting increased risk of serious illness from COVID-19.

Defendant next asks the court to consider evidence of his substantial rehabilitation in conjunction with his other stated reasons for a reduction. (Doc. 90 at 9.) As Defendant recognizes, rehabilitation "is not, by itself, an extraordinary and compelling reason" but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. 1B1.13(d).

The information before the Court shows that Defendant has taken more than 600 hours of BOP educational programming, including courses on topics such as financial literacy, basic real estate, warehouse forklift training, and habits of effective people. (Doc. 90 at 46.) Defendant has also obtained his GED, graduated from the non-residential drug abuse program, and completed the Restorative Justice Circles course. (Doc. 90 at 50; Doc. 100 at 1, 3-4; Doc. 103 at 1.) Defendant has presented letters from BOP work supervisors attesting to his strong work ethic and good character, letters of support from friends and family members, as well as his own letter expressing remorse for his actions and noting his many positive changes. (Doc. 90 at 40-64). In addition, the court considers that Defendant ended his gang affiliation and continued to cooperate with authorities after his sentencing with the hope of receiving

a further reduction of sentence for substantial assistance. (Id. at 30-38.)

The information shows that Defendant is making substantial efforts towards rehabilitation and working to improve himself while incarcerated. However, evidence of rehabilitation alone may not alone establish a basis for compassionate release, and Defendant has been unable to demonstrate a separate extraordinary and compelling reason for relief. Moreover, taking BOP courses and working while incarcerated are expected of an inmate, not extraordinary, and without more fail to establish grounds for a reduction of sentence. See United States v. Vaughn, 62 F.4th 1071, 1072 (7th Cir. 2023) ("[t]aking classes while incarcerated is common rather than extraordinary."); United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) (noting prisoners are supposed to follow rules, work at a prison job, and take classes and doing so is not extraordinary). And while the Court appreciates Defendant's letter expressing his remorse and desire to be with his family, his remorse and efforts to reform cannot relieve him from serving his lawful sentence for his conviction. Finally, the documents before the court show that Defendant has incurred seven disciplinary infractions while in BOP custody. (Doc. 105 at 1-3.) Most of the infractions are for minor disciplinary issues, but Defendant received an infraction for assault in 2021. (Id. at 1.) While

Defendant has maintained a clear record in recent years, these earlier infractions undermine his argument that he shows the sort of extraordinary rehabilitation that warrants compassionate release. Accordingly, Defendant has failed to establish an extraordinary and compelling reason for compassionate release based on his rehabilitation.

Finally, the court considers the cumulative impact of Defendant's arguments. Defendant asks the Court to weigh the "combination[]" of his gang renunciation, unrewarded substantial assistance, rehabilitation, and medical conditions" in considering his request for a reduction of sentence. (Doc. 90 at 6.) As discussed, Defendant's arguments individually fail to establish an extraordinary and compelling reason for a reduction of sentence. The court finds that the combined impact of these factors is not any more compelling. As the Supreme Court recently stated, the burden to show extraordinary and compelling reasons is "a demanding standard." Fernandez v. United States, 608 U.S. 411, 422-23 (2026.). Defendant's factors, even when considered cumulatively, fall short of demonstrating an extraordinary and compelling reason for compassionate release.

B. 18 U.S.C. § 3553(a) Factors

Having determined Defendant fails to show an extraordinary and compelling reason to modify his sentence, the court is not required to consider if the 18 U.S.C. § 3553(a) factors weigh in

favor of a reduction. The court finds, in any case, such an analysis does not support granting Defendant relief. Section 18 U.S.C. § 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to satisfy the goals of sentence. 18 U.S.C. § 3553(a). In making the determination, the court weighs the nature of the offense, a defendant's personal history, the sentence relative to the seriousness of the offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide rehabilitative circumstances, and the need to avoid sentencing disparity. See 18 U.S.C. § 3553(a).

Defendant argues that the § 3553(a) factors weigh in favor of release. He says he "does not seek to justify, diminish, or detract from the seriousness of his offense, and he unequivocally accepts responsibility for his conduct." (Doc. 90 at 13.) He argues that he has learned from his mistakes and he has changed as shown by his many rehabilitative efforts. (Id. at 13-16.) He asserts that both the goals of deterrence and protecting the public have been satisfied because he "poses no danger whatsoever to any person or the community, as he knows the consequences of any type of misbehavior, and he would never put himself, his mother, or the public in jeopardy." (Id. at 17.) He concludes that because he poses no danger it is

unnecessarily punitive to keep [him] imprisoned any longer." (Id.).

The court acknowledges Defendant's positive steps towards rehabilitation, including renouncing his gang affiliation, earning his GED, completing drug abuse treatment, and taking courses to gain skills that will help him upon release. The court has also reviewed the favorable character letters submitted on Defendant's behalf and takes note of his release plan. The court is encouraged by these steps but nonetheless finds that consideration of the § 3553(a) factors overall weighs against a reduction.

First, the nature of the offense was serious, and any sentence must reflect that. Defendant was a participant in a large-scale drug conspiracy selling kilogram quantities of heroin as well as methamphetamines. (Doc. 54, ¶¶ 2, 10-14.) He played a substantial role in the conspiracy, (Doc. 65 at 3), which moved drugs from California to North Carolina, and his conduct only ended upon his arrest. Particularly disturbing, to support his drug trade Defendant supplied drugs to homeless individuals and videoed them as they "passed out" after taking the drugs to show his heroin was good quality. (Doc. 54, ¶ 20.) Defendant's 240-month sentence already reflects a significant departure below the recommended sentencing guideline range of 292 to 365 months of imprisonment, and Defendant has currently

only served about 52 percent of his total sentence. (See Doc. 96-3 at 3.) A further reduction of sentence would not reflect the seriousness of the offense, promote respect for the law, or provide deterrence.

Defendant's criminal history also weighs against release. Defendant has several prior felony convictions including prior convictions for felony transport or sale of a controlled substance and felony possession of a controlled substance for sale, both which involved methamphetamines, and felony child abuse. (Doc. 54, ¶¶ 43, 45.) His criminal history shows that prior periods of supervision and a prior period of incarceration did little to prevent additional criminal behavior, specifically a return to selling large quantities of methamphetamines and heroin. Defendant argues that he has changed and will not re-offend when released, but that remains to be seen.

Accordingly, the court concludes that Defendant's sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing. Any lesser sentence would not promote respect for the law, reflect the seriousness of the offense, provide adequate deterrence, or protect the public. See 18 U.S.C. § 3553(a).

C. Appointment of Counsel

Within his motion, Defendant requests the appointment of counsel. (Doc. 90 at 2.) There is no general constitutional

right to appointed counsel in post-conviction proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013), but counsel may be appointed in a § 3582(c) proceeding at the court's discretion. See United States v. Holley, 179 F.4th 985, 992 (4th Cir. 2026).

The filings before the Court demonstrate that Defendant is capable of presenting his claims for relief and his motion does not present any complex legal issues. Defendant argues that he needs counsel because he cannot obtain the records regarding his gang renunciation or his second round of cooperation without the assistance of counsel, (Doc. 90 at 2), but he fails to indicate what steps, if any, he has taken to obtain documents. Further, as discussed above, his claims regarding his gang renunciation and substantial assistance as raised clearly fail on the merits. Defendant makes only a broad allegation that his gang renunciation is an extraordinary and compelling reason without alleging any facts or details about the process, and with respect to his substantial assistance, even accepting his account, a reduction would have to come via a Rule 35(b) motion filed by the Government. Records confirming his claims as alleged will not aid his request for compassionate relief and

thus there is no need to appoint counsel for that purpose.[4] Defendant fails to demonstrate that the interest of justice requires the appointment of counsel and his request for counsel is denied.

## III. CONCLUSION

For the reasons stated above, the court finds that Defendant has failed to show an extraordinary and compelling reason for a reduction of sentence and the § 3553(a) factors weigh against a reduction of sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 90), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Update the Record and File Certain Documents, (Doc. 100), and Motion for Leave to Amend the Record with New Evidence, (Doc. 103), are **GRANTED.**

This the 6th day of November, 2026.

William L. Osteen, Jr.
United States District Judge

[4] Defendant has also already presented numerous documents in support of his argument about his substantial assistance to the Government. (See Doc. 90 at 29-37.)